## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

MATTHEW WILLIAMS                                                  PLAINTIFF

v.                                                      No. 1:20CV264-GHD-JMV

LEE COUNTY                                                       DEFENDANT

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Matthew Williams, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants placed him in unconstitutionally harsh conditions of confinement and did not provide or maintain a functional grievance system. The defendants have moved for summary judgment; the plaintiff has responded, and the defendants have replied. The matter is ripe for resolution. For the reasons set forth below, the motion by the defendants for summary judgment will be granted, and judgment will be entered for the defendant in all respects.

### Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary

material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

### Undisputed Material Facts[1]

The plaintiff filed the instant complaint on December 29, 2020, alleging that, during his stay at the Lee County Adult Detention Center ("Lee County Jail"), the defendants violated his constitutional rights by :

(1) Failing to maintain a functional grievance process;

(2) Serving nutritionally deficient meals;

(3) Serving cold meals;

(4) Failing to maintain the dishwasher and thus serving meals on dirty trays;

(5) Providing poor quality air and poor air circulation;

(6) Proving smelly water in some jail locations;

(7) Failing to maintain the washing machine, leaving clothes dirty after laundering;

(8) Allowing roaches to populate several kitchen areas.

*See generally,* Doc. 1.

The plaintiff filed two other lawsuits regarding his stay at the Lee County Jail. In the first, he alleged that the defendant violated his rights by denying him adequate medical treatment and violated his right to medical privacy regarding whether he had contracted COVID-19. *Williams v. Lee County,*

---

[1] As discussed in detail below, resolution of this case turns on the doctrines of *res judicata* and collateral estoppel; as such, the material facts are limited to various aspects of the plaintiff's previously filed cases (factual allegations, issues raised, final judgment, whether resolution was on the merits, etc.) The truth of the plaintiff's allegations is not material to this discussion, only their content. As such, for the purposes of the instant memorandum opinion, the court has not taken the allegations, themselves, to be true.

1:20CV262-GHD-DAS, 2021 WL 2636588 (N.D. Miss. June 25, 2021), *appeal dismissed*, 21-60621, 2021 WL 6801070 (5th Cir. Nov. 8, 2021). The court entered a judgment on the merits in favor of the defendant on June 25, 2021. *Id*. In the other suit, Williams claimed that the defendant violated his constitutional rights by failing to respond to his grievances, rendering the grievance process futile. *Williams v. Lee County*, 1:20CV263-NBB-RP, 2021 WL 2637331 (N.D. Miss. June 25, 2021). The court entered judgment on the merits in favor of the defendant in this case, as well. *Id*.

### *Res Judicata* and Collateral Estoppel

All of the claims the plaintiff brings in this case are barred by the doctrine of *res judicata*, (claim preclusion), and the claim regarding lack of a valid grievance process is barred by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were *or could have been* raised in prior actions).

In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same (or in privity) in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins.*

*Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5ᵗʰ Cir. 1994). Two cases involve the same cause of action if both cases arise out of a common nucleus of operative facts. *Id. Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980).

The fact that the plaintiff simultaneously filed three different cases challenging differing conditions of confinement and events occurring during his stay at the Lee County Jail does not alter the preclusive effect of *res judicata* when the first of the cases is decided:

> When [multiple] suits proceed simultaneously, as in this case, *res judicata* effect is given to the first judgment rendered. *Chicago, Rock Island & Pac. R.R. v. Schendel*, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926); *see also* 18 Wright, Miller & Cooper, Jurisdiction 2d § 4404 (citing *Jones v. Sheehan, Young & Culp*, 82 F.3d 1334, 1338–39 n. 3. (5ᵗʰ Cir.1996); *In re Hansler*, 988 F.2d 35, 38 (5ᵗʰ Cir.1993)). Maintaining such a litigation strategy almost assures that at some point one of the cases will become barred by a judgment in [another]; the successful party will find that all its claims and defenses have merged into the judgment, while the unsuccessful party will find that its have been extinguished.
>
> "There is no reason why defendants should be required to defend, or courts to hear, additional or multiple cases, free from the protections of *res judicata*, simply because the plaintiff chose to file them piecemeal at the same time rather than in succession." *Sidag Aktiengesellschaft v. Smoked Foods Prods. Co.*, 776 F.2d 1270 (5ᵗʰ Cir.1985). A party gets only "one bite at the apple" and is not allowed to take two bites simply because it attempts to take [multiple bites] at once rather than *seriatim*.

*Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500–01 (5ᵗʰ Cir. 2004). Hence, for *res judicata* to apply, the claims need not be the same in each case; they need only arise out of Williams' stay at the Lee County Jail. He could have brought all of his claim in the same suit – but chose, instead, to bring his claims piecemeal in several suits.

The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of his stay at the Lee County Jail and any suits arising out of those events as to any parties he actually sued

regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against the defendants should be dismissed because valid judgments have been entered as to the conditions during his stay at the Lee County Jail.[2] Further, under the doctrine of issue preclusion, the plaintiff's claims regarding the lack of a functional grievance system must be dismissed, as a valid judgment has been entered against the plaintiff in *Williams v. Lee County*, 1:20CV263-NBB-RP, 2021 WL 2637331 (N.D. Miss. June 25, 2021) covering this precise issue. Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against all defendants must be dismissed with prejudice.

### Conclusion

For the reasons set forth above, the motion by the defendants for summary judgment will be granted, and the instant case will be dismissed with prejudice under the doctrines of *res judicata* and collateral estoppel.

**SO ORDERED**, this, the _11_ day of October, 2022.

_____

SENIOR U.S. DISTRICT JUDGE

---

[2] *Williams v. Lee County*, 1:20CV262-GHD-DAS, 2021 WL 2636588 (N.D. Miss. June 25, 2021), *appeal dismissed*, 21-60621, 2021 WL 6801070 (5th Cir. Nov. 8, 2021), *Williams v. Lee County*, 1:20CV263-NBB-RP, 2021 WL 2637331 (N.D. Miss. June 25, 2021).